UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL, aka <br> HORACE ANDREW BELL, true name <br> HORACE THOMAS, <br>       Petitioner, <br> vs. <br> KELLY HARRINGTON, WARDEN, <br>       Respondent. | ) Case No. CV 10-3599-CJC(RC) <br> ) <br> ) (1) OPINION AND ORDER ON A <br> ) PETITION FOR HABEAS CORPUS; <br> ) (2) ORDER DENYING <br> ) CERTIFICATE OF APPEALABILITY; AND <br> ) (3) ORDER TO SHOW CAUSE WHY <br> ) PETITIONER SHOULD NOT BE DECLARED <br> ) A VEXATIOUS LITIGANT <br> ) |

    On May 6, 2010, petitioner Horace Bell, aka Horace Andrew Bell, true name Horace Thomas, a person in state custody proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of California, which transferred the petition to this district court on May 11, 2010. This habeas corpus petition challenges petitioner's 1992 conviction in Los Angeles County Superior Court case no. BA088280, on the grounds of ineffective assistance of trial and appellate counsel, "speedy trial violation," and perjury and prosecutorial misconduct.[1]

---

[1] The Court takes judicial notice, pursuant to Fed. R. Evid. 201, of evidence presented in a prior habeas corpus petition, Bell v. Superior Court, case no. CV 95-2090-RSWL(RC), which shows petitioner was convicted of one count of kidnapping

**BACKGROUND**

This Court takes further judicial notice pursuant to Federal Rule of Evidence 201 of the records in **six** prior habeas corpus actions brought by petitioner: (1) Bell v. Superior Court, case no. CV 95-2090-RSWL(RC) ("Bell I"); (2) Bell v. White, case no. CV 97-0009-HLH(RC) ("Bell II"); (3) Bell v. Scribner, case no. CV 02-8355-PA(RC) ("Bell III"); (4) Bell v. Adams, case no. CV 03-5306-CJC(RC) ("Bell IV"); (5) Bell v. Adams, case no. CV 04-3682-RT(RC) ("Bell V"); and (6) Bell v. Harrington, case no. CV 10-2994-CJC(RC) ("Bell VI"). The records in Bell I show that on March 31, 1995, petitioner filed his first federal petition for writ of habeas corpus challenging the same convictions he seeks to challenge here, and Judgment was entered on May 1, 1996, denying the habeas petition on the merits and dismissing the action. Bell II through Bell VI were determined to be second or successive habeas petitions not authorized by the Ninth Circuit Court of Appeals, and Judgment was entered dismissing these actions for lack of subject matter jurisdiction. The petitioner appealed Bell IV and Bell V to the Ninth Circuit Court of Appeals, which denied petitioner a certificate of appealability in both cases. Additionally, on December 16, 2005, the Ninth Circuit denied petitioner's application in Bell V to file a second or successive habeas petition. Despite this, petitioner has, since then, filed three more habeas corpus petitions challenging the same convictions and sentence he was denied

---

for sexual purposes (California Penal Code ("P.C.") §§ 207(a)/ 208(d)), one count of kidnapping (P.C. § 207(a)), one count of genital penetration by a foreign object (P.C. § 289(a)), three counts of forcible rape (P.C. § 261(a)(2), three counts of forcible oral copulation (P.C. § 288a(c)), and one count of second degree robbery (P.C. § 211).

2

1  permission to challenge by the Ninth Circuit.

2

3  **DISCUSSION**

4  **I**

5  The instant habeas corpus petition, petitioner's **seventh** habeas
6  corpus application, is governed by the provisions of Section 106 of
7  the Antiterrorism and Effective Death Penalty Act of 1996 ("the Act"),
8  which provides that: "Before a second or successive application
9  permitted by this section is filed in the district court, the
10 applicant shall move in the appropriate court of appeals for an order
11 authorizing the district court to consider the application." 28
12 U.S.C. § 2244(b)(3)(A).

13

14 "Section 2244(b)(3)(A) 'is an allocation of subject-matter
15 jurisdiction to the court of appeals. A district court must dismiss a
16 second or successive petition [. . .] unless the court of appeals has
17 given approval for the filing.'" In re Page, 170 F.3d 659, 661 (7th
18 Cir. 1999) (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir.
19 1996)), cert. denied, 528 U.S. 1162 (2000); see also Cooper v.
20 Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in
21 play, the district court may not, in the absence of proper
22 authorization from the court of appeals, consider a second or
23 successive habeas application." (quoting Libby v. Magnusson, 177 F.3d
24 43, 46 (1st Cir. 1999)).

25

26 Here, it plainly appears on the face of the petition and
27 accompanying documents that petitioner has not been granted permission
28 to file a successive habeas petition by the Ninth Circuit Court of

Appeals. Under the Act, a successive habeas petition is not a matter of right -- and the gatekeeping function belongs to the Court of Appeals, not to the district court. Felker v. Turpin, 518 U.S. 651, 661, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996). This Court, thus, must dismiss the instant habeas corpus petition as a successive petition for which it lacks subject matter jurisdiction under 28 U.S.C. § 2244(b)(3).

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal. . . ." Here, summary dismissal is appropriate.

Further, this Court finds any appeal would not be taken in good faith, and petitioner has not made a substantial showing that this Court was not correct in its procedural ruling, and that petitioner has been denied a constitutional right, for the reasons set forth herein. Accordingly, a certificate of appealability should not issue under 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b). Slack v. McDaniel, 529 U.S. 473, 483, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000); Cooper v. Calderon, 308 F.3d 1020, 1021-22, n.2 (9th Cir. 2002), cert. denied, 123 S. Ct. 1793 (2003).

**II**

Local Rule 83-8.2 provides that the Court may declare a party to be a vexatious litigant, stating:

4

> On its own motion or on motion of a party, after opportunity to be heard, the Court may, at any time, order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant, and may make such other orders as are appropriate to control the conduct of a vexatious litigant. Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require.

Local Rule 83-8.2. In light of petitioner filing Bell II through Bell VI, all of which have been dismissed as successive petitions, the filing of this habeas corpus petition ("Bell VII"), and petitioner's recent filing of yet another habeas corpus petition on May 17, 2010, see Bell v. Harrington, case no. CV 10-3705-CJC(RC) ("Bell VIII"), the petitioner should be declared a vexatious litigant.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered SUMMARILY DISMISSING the petition for writ of habeas corpus for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that a Certificate of Appealability be DENIED.

1    The petitioner IS ORDERED TO SHOW CAUSE why he should not be
2 declared a vexatious litigant in light of the filing of Bell II
3 through Bell VIII.  If petitioner objects to being declared a
4 vexatious litigant, he shall file a response to this Order to Show
5 Cause no later than 14 days from the date of this Order.

8 DATE: May 20, 2010

    CORMAC J. CARNEY
9    UNITED STATES DISTRICT JUDGE

10 PRESENTED BY:

11 DATE:  May 18, 2010

12  /S/ ROSALYN M. CHAPMAN
       ROSALYN M. CHAPMAN
13 UNITED STATES MAGISTRATE JUDGE

14 R&R-MDO\10-3599.mdo
   5/18/10